MOSES JACOBS, Appellant, *v.* CHARLES E. JOHNSON, Respondent, Impleaded with Others, Defendants.

First Department, May 1, 1925.

**Brokers — real estate brokers — action to recover commissions — evidence shows that plaintiff procured syndicate to purchase on owner's terms and that title was taken in individual name of one member of syndicate — evidence shows that plaintiff was procuring cause — error to set aside verdict in his favor.**

In an action by a real estate broker to recover commissions in which it appeared that the broker procured a syndicate to purchase the property on the owner's terms, and that while the owner refused to make the sale according to the terms given to the agent at the time the agent closed negotiations with the purchasers, the owner did thereafter personally close directly with one member of the syndicate on the same terms as those offered to the agent, it was error for the court to set aside a verdict in favor of the plaintiff, since the evidence clearly establishes that the plaintiff, and not another broker who was brought into the case at a late date, was the procuring cause of the sale.

APPEAL by the plaintiff, Moses Jacobs, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 20th day of July, 1923, granting respondent's motion to set aside the verdict of the jury and to dismiss the complaint, and also from a judgment entered in said clerk's office on the 27th day of July, 1923, pursuant to said order.

*Robert Moers* [*David L. Podell* of counsel; *Charles S. Rosenschein* and *Robert Moers* with him on the brief], for the appellant.

*Eidlitz & Hulse* [*Frederick Hulse* of counsel; *Harry N. French* with him on the brief], for the respondent Johnson.

McAVOY, J.:

The jury rendered a verdict in favor of the plaintiff for $26,250, which, together with interest, amounted to $40,407.50. The court set aside the verdict and granted a motion to dismiss the complaint.

The plaintiff alleges for a first cause of action that, in the latter part of the year 1913, the plaintiff and the defendants Pflomm agreed jointly with the defendant Johnson to bring about a sale of the premises situated on the west side of Broadway, running from Thirty-fifth to Thirty-sixth streets; that a sale was brought about, and that the defendant Johnson agreed to pay the plaintiff and the defendants Pflomm the customary brokerage commission, which was one per cent of the sale price of $5,250,000.

For a second cause of action the plaintiff alleges that the defendant Johnson requested the plaintiff and the defendants Pflomm to use their best efforts to procure a purchaser for the said premises; that by reason of their efforts defendant Johnson did sell the premises in question for $5,250,000, and that the reasonable value of the services was $52,500.

The defendant Johnson, beside setting up in substance a general denial, also sets up the defense of payment.

The defendants Pflomm were made parties defendants because they refused to join as plaintiffs.

Defendant as owner of an unimproved site employed plaintiff as broker. The plaintiff worked out a plan whereby the property could be sold for $5,250,000 (the owner's price) on a basis that would readily attract a purchaser, and at the same time would bring about the improvement of the site by the erection of a modern building thereon.

Jacobs worked on the deal for months, interested many persons therein and conducted all the important negotiations. Finally, upon completion of the plaintiff's labors and his procuring the offer which was ultimately accepted, defendant Johnson refused to close, saying in effect: "All the terms are satisfactory except that I want $750,000 as the cash instalment of the price instead of $250,000."

At the beginning defendant had stated that $250,000 in cash was acceptable.

In February the defendant insisted on a cash payment of $750,000. Nevertheless, he went ahead and did close the matter direct with the purchaser produced by the plaintiff. In so doing he accepted the identical terms offered by the plaintiff, including $250,000 as the cash payment.

The person (one Barnum) who completed the purchase was the same person brought by the plaintiff, except that Barnum made the contract in his own name instead of that of the syndicate of which he was originally a part.

There were many indications in the proof of an intent to avoid payment of plaintiff's commission.

There was a new broker named Blake brought into the deal at the end with a desire apparently to eliminate Jacobs as the broker. Blake did not come into the transaction until after Barnum had been brought in and had been put in contact with Johnson by Jacobs. Before Blake ever appeared in the transaction, Jacobs had procured Barnum and the syndicate to agree to the precise terms upon which the deal was finally closed.

The proof thus outlined presented an issue of fact as to whether Jacobs rather than Blake was the broker who was the procuring cause of the closing of this transaction.

Plaintiff made out a cause of action which justified a finding in his favor, and the dismissal of the complaint was clearly erroneous. We think, too, that the greater weight of the evidence supports the verdict of the jury in favor of the plaintiff, and there is not any basis which would justify the revocation of the jury's verdict.

There are no errors of law asserted upon which the verdict in favor of the plaintiff might be set aside, and we conclude, therefore, that the judgment and order dismissing the complaint should be reversed, with costs, and that the verdict should be reinstated and judgment directed to be entered in favor of the plaintiff upon that verdict, with costs.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Judgment and order reversed, with costs, and verdict reinstated and judgment directed to be entered for plaintiff upon that verdict, with costs.